ELEUTERIO VÁZQUEZ SÁNCHEZ, peticionario, *v.* CORTE DE DISTRITO DE GUAYAMA, HON. RAFAEL CORDOVÉS ARANA, JUEZ, demandada.

Núm. 1205.—*Sometido:* Marzo 4, 1940. *Resuelto:* Junio 14, 1940.

M. *Guzmán Texidor,* abogado del peticionario; *Hon. Procurador General George A. Malcolm* y *Emilio de Aldrey, Procurador General Auxiliar,* abogados de la demandada; y *F. González Fagundo,* abogado de los interventores, demandantes en el pleito principal.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Ana Ojeda y el que fué su esposo demandaron a Eleuterio Vázquez, el aquí peticionario, ante la Corte de Distrito de Guayama, en cobro de la suma de $1,154.54, que el deudor había garantizado con hipoteca sobre tres fincas rústicas, de seis, siete y diez cuerdas, respectivamente. Dictada sentencia en contra del demandado y librada orden para su ejecución, procedió el márshal a embargar las tres fincas del demandado y a anunciar la venta de las mismas en pública subasta. El 26 de abril de 1939, fecha señalada para la subasta y antes de que ésta se efectuara, el demandado presentó al márshal una "reclamación de *homestead*" en la que alegó que desde hace más de quince años posee y ocupa con su familia, como jefe, las tres mencionadas fincas; que durante ese tiempo no ha tenido otra residencia; que nunca ha entregado la posesión física de las fincas, en las cuales tiene constituído su hogar seguro; que nunca ha traspasado ni ha recibido consideración alguna por su derecho de *homestead;* y que reclama su derecho a los efectos de la sección 5 de la Ley núm. 87 de mayo 13, 1936 ((1) pág. 461), estableciendo el derecho de *homestead.*

Celebrada la subasta, comparecieron los demandantes y ofrecieron por la finca de seis cuerdas $60; por la de siete, $70; y $100 por la de diez cuerdas. El márshal teniendo en cuenta la reclamación de *homestead* presentada por el demandado y que la suma ofrecida no excedía de $500, se abstuvo de adjudicar la finca a los demandantes. Éstos radicaron una moción en la que alegan en substancia:

1. Que en la escritura de constitución del crédito que se ejecuta, otorgada en 1 de septiembre de 1928, el demandado hizo constar que en los inmuebles descritos no tenía constituído su hogar seguro y se comprometió a no constituirlo dentro de la vigencia del contrato de hipoteca y a no reclamar exención alguna por tal concepto en caso de ejecución.

2. Que la suspensión de la subasta es errónea (*a*) porque en la reclamación de *homestead* no se especifica sobre cuál de las tres fincas tiene el deudor constituído tal derecho; y (*b*) porque a la Ley núm. 87 de 1936 no se le puede dar efecto retroactivo para afectar un contrato celebrado en el año 1928.

Solicitaron los demandantes que se ordenase al márshal que procediera a vender las fincas libres de toda reclamación de hogar seguro.

El 13 de febrero de 1940 la corte de distrito dictó su resolución ordenando al secretario que expidiese un nuevo mandamiento al márshal para que dicho funcionario procediese a vender las fincas "sin atenerse a reclamación alguna sobre hogar seguro por parte de los demandados, quedando a salvo el derecho de éstos para ejercitar su reclamación, si alguna tuvieren, mediante la acción ordinaria correspondiente de acuerdo con lo dispuesto en la sección 6 de la citada Ley núm. 87 de 13 de mayo de 1936."

Para la revisión de los procedimientos seguidos por la corte inferior el peticionario acudió ante esta Corte Suprema en solicitud de auto de *certiorari,* el cual fué expedido, concediéndose audiencia a las partes.

La cuestión que tenemos que resolver en el presente recurso no es la de si el aquí peticionario tiene o no derecho al *homestead* que reclama, o la de si la existencia o

inexistencia de ese derecho debe ser determinada de acuerdo con la ley vigente en 1928 ó de acuerdo con la ley de 1936 (Ley núm. 87 de 1936, (1) pág. 461). Lo que tenemos que resolver es si la corte inferior erró o procedió correctamente al obligar al demandado reclamante de *homestead* a recurrir a la acción ordinaria que prescribe la sección 6 de la Ley núm. 87 de 1936, cuando él había elegido proceder de acuerdo con la sección 5 de la misma ley, mediante reclamación radicada ante el márshal. Las citadas secciones 5 y 6 leen así:

"Sección 5.—No se hará venta alguna por virtud de sentencia o ejecución de ninguna finca urbana o rústica cuando se reclamare u ocupare la misma como hogar seguro (*homestead*), inscrita o no en el registro de la propiedad, a menos que se obtenga por ella una suma mayor de quinientos (500) dólares.

"Tal reclamación se hará por medio de declaración jurada haciéndose constar la buena fe de la misma, que se entregará al oficial encargado de llevar a cabo la venta.

"En caso de que la finca, urbana o rústica, se vendiere por más de quinientos (500) dólares, el excedente sobre dicha suma se pagará al acreedor y la suma de quinientos (500) dólares será depositada inmediatamente por el oficial que llevó a cabo la venta en la secretaría de la corte de distrito de su respectivo distrito judicial para que dicho tribunal decida entonces sobre la legitimidad de la reclamación. Esta suma estará libre de todo embargo o ejecución, salvo los casos dispuestos en la sección 2.

"Se promoverá el juicio por medio de demanda redactada conforme a lo prescrito para el juicio ordinario en el Código de Enjuiciamiento Civil, *la que deberá radicarse en la mencionada corte de distrito dentro del término de treinta (30) días a contar desde la fecha en que se hizo la venta;...*

"Sección 6.—En caso de no formularse reclamación alguna ante el oficial encargado de verificar la subasta, la persona con derecho a la reclamación de *homestead* podrá dentro del término de sesenta (60) días, contados desde la fecha en que la subasta se celebró, entablar acción ordinaria correspondiente."

Como se ve, la ley, por medio de dichas dos secciones, que son de carácter adjetivo o procesal, provee dos procedimientos distintos, uno, el de la sección 5, de naturaleza

sumaria o especial; y otro, el de la sección 6, de carácter ordinario.

El demandado estaba en su derecho cuando acudió al márshal en solicitud de "que no venda dichas fincas en la referida subasta a menos que se obtenga por dichas fincas una suma mayor de $500, y si se vendieren por más de $500, solicita de usted, márshal de esta corte, deposite dicha suma en la Secretaría de la Corte de Distrito de Guayama, de acuerdo con la sección 5 de la ley mencionada."

El márshal procedió correctamente cuando no habiendo obtenido más de $500 por las fincas se negó a efectuar una venta a los demandantes.

Como fundamentos de su resolución, la corte inferior dijo:

"Suspendida la venta u obtenido el depósito, el reclamante deberá plantear su acción sobre derecho de hogar seguro mediante demanda redactada en la forma ordinaria, que deberá radicar en la corte de distrito dentro del término de treinta días a contar desde la fecha en que se hizo la venta o en que se celebró la subasta y ésta fué declarada desierta por no haberse obtenido un precio mayor de $500.

"En el caso que ahora resolvemos el demandado Eleuterio Vázquez Sánchez presentó oportunamente al márshal de esta corte la declaración jurada a que se refiere la sección 5ª. de la ley, reclamando un derecho de hogar seguro sobre las tres fincas rústicas objeto de la venta y obtuvo la suspensión de ésta porque el precio ofrecido por dichas fincas fué menor de $500, pero dejó transcurrir con exceso el término de treinta días sin radicar la demanda a que se refiere la predicha sección 5ª., que aún no ha radicado, abandonando así su derecho a discutir su reclamación sobre hogar seguro mediante el procedimiento sumario estatuído en la referida sección 5ª. de la Ley núm. 87 de 1936."

La resolución y sus fundamentos son a nuestro juicio erróneos y contrarios a la letra y al espíritu de la ley. El demandado cuya finca se pone en venta y sobre la cual él reclamó derecho de *homestead* ante el márshal de acuerdo con la sección 5, supra, no está obligado a radicar una demanda cuando no se ha podido verificar una venta por

no haberse obtenido más de $500. Suspendida la venta por ese motivo, el demandado nada tenía que hacer sino esperar tranquilo en la seguridad de su hogar que se verificase una nueva subasta y se hiciese una venta por una suma mayor de $500, de la cual se reservarán $500 para ser depositados en la Secretaría de la corte, hasta que el tribunal decidiese sobre la legitimidad de la reclamación. Los treinta días que la ley concede al reclamante para radicar su demanda de *homestead* deben contarse "desde la fecha en que se hizo la venta," o sea desde la fecha en que se venda la propiedad por más de $500, que es la única venta autorizada por la ley, cuando se ha formulado reclamación ante el márshal antes de la subasta. Fué error de la corte el sostener como sostuvo que el demandado en este caso perdió su derecho a proceder de acuerdo con la sección 5, supra, porque no radicó su demanda dentro de treinta días contados desde la fecha en que se suspendió la venta de las fincas. Una venta suspendida no es una venta hecha y seguida del depósito de la suma fijada por la ley como el valor del *homestead*. La mejor prueba de que no se ha hecho venta alguna es la misma resolución recurrida, en la que se ordena al márshal "que proceda a la venta en pública subasta de las fincas en cuestión." El demandado tiene treinta días desde la fecha en que se verifique esa venta, siempre que ella produzca más de $500, para radicar su demanda de *homestead*. Erró por tanto la corte inferior al ordenar que se hiciera la venta "sin atenerse a reclamación alguna sobre hogar seguro por parte de los demandados."

*Por las razones expuestas debe revocarse la resolución recurrida y devolverse el caso a la corte inferior para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Sr. Wolf disintió por entender que la orden de la corte para la venta de las tres fincas sólo debe anularse en cuanto a la finca sobre la cual se reclama el *homestead,* y no en cuanto a las otras dos.

El Juez Asociado Sr. De Jesús no intervino.